# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PANAMA CITY DIVISION

**ALL WESTERN MORTGAGE INC,**

    **Plaintiff,**

**v.**                                       **CASE NO. 5:25cv334-MCR-MJF**

**FALCON RIDGE TOWNHOMES LLC,**
**et al.,**

    **Defendants.**

_____/

## ORDER

Plaintiff All Western Mortgage, Inc. ("All Western") filed a two-count Complaint for Foreclosure and Other Relief against Defendant Falcon Ridge Townhomes, LLC ("Falcon Ridge"), seeking judgment on a promissory note ("the Note") and foreclosure of a Construction Mortgage and Security Agreement ("the Mortgage") on real property located in Bay County, Florida.[1]  ECF Nos. 1; 1–1; 1–2.  Falcon Ridge borrowed a principal amount of $2,716,780 to finance the development of residential townhomes in Bay County and agreed to make payments to All Western, as detailed in the Development Loan Agreement ("the Development

---

[1] Four additional Defendants are also named as potential lienholders, and All Western alleges that its lien takes priority.  Defendants Opifex-Synergy, LLC; Falcon Ridge Townhomes Owners' Association Inc.; and 814 Sand Inc. have filed answers; Defendant Concrete Paving Grading LLC, is in default.

Agreement"), which is referenced in the Note and the Mortgage.[2]  The Development

Agreement includes a forum-selection clause, requiring that any action related to the

loan documents "shall" be litigated in Clark County, Nevada.[3]

Falcon Ridge has filed a Motion to Dismiss, arguing that the forum selection

clause in the Development Agreement, which is part of the loan document package,

governs this dispute and requires litigation only in Clark County, Nevada.  ECF Nos.

26, 27 (motion and memorandum of law).  All Western opposes the motion, arguing

that it is not suing on the Development Agreement but only on the Note and

Mortgage and that the foreclosure on real property located in Bay County, Florida,

cannot be adjudicated in Nevada, nor can the lien priorities be determined in a

Nevada court, which would lack jurisdiction over the property and the junior

lienholders.  ECF No. 30.

All Western is correct.  The Nevada venue provision is not applicable to the

Mortgage or the Note, each of which includes its own default provisions, pertains to

---

[2] The Note and the Mortgage each sets out the events of default and both reference obligations that are established in the Development Agreement.

[3] The forum-selection clause within the Development Agreement provides that the borrower and lender consent to litigation in any state or federal court in Clark County, Nevada, where all proceedings arising out of the agreement or other loan documents "shall be litigated."  ECF No. 1–1 at 17 ¶ 12.6.  Additionally, the Parties agreed to waive any defense of *forum non conveniens* regarding the Nevada venue.  *Id.*  Oddly and inconsistently, the Note and Development Agreement specify Nevada law as governing, ECF No. 1–1 at 3 ¶ 9 & at 17 ¶ 12.6, whereas an Addendum to the Development Agreement specifies that Florida law governs, ECF No. 1–3.

CASE NO. 5:25cv334-MCR-MJF

real property located in Florida, and requires a determination of the priority of liens with regard to potential additional lienholders who are subject to personal jurisdiction in Florida. The Complaint does not seek damages for breach of the Development Agreement.

Even assuming the forum-selection clause applies because it is incorporated by reference into the Note and Mortgage, it is unenforceable under state law.[4] *See Declan Flight, Inc. v. Textron Eaviation, Inc.*, 177 F.4th 1110, 1122 (11th Cir. 2026) (setting out a 2-step process to determine whether a forum-selection clause is valid, considering (1) applicability based on state law, and (2) enforceability based on federal common law). Florida law provides that an out-of-state venue provision is void as a matter of public policy in a contract for improvement to real property that requires a legal action arising out of that contract against a resident contractor, subcontractor, or materialman. *See* Fla. Stat. 47.025. By statute, such a suit must be brought in Florida where the property or defendant are located, or where the cause of action accrued, unless the parties stipulate otherwise *after* the dispute arises. *See id.* (emphasis added). Falcon Ridge is a developer that borrowed money pursuant to this loan agreement for the purpose of making improvements to real property and is

---

[4] The Note, Mortgage and Development Agreement each includes a severability clause preserving all other provisions in the event any provision is determined to be unenforceable.

CASE NO. 5:25cv334-MCR-MJF

alleged to be in default and to have failed to complete the work. Other Defendants are contractors or subcontractors alleged to be Florida citizens and who may have a lien interest. Therefore, the provision is void.

Moreover, to the extent the forum-selection clause somehow could be considered a valid agreement between the Parties, the motion must be denied applying the *forum non conveniens* analysis. The doctrine of *forum non conveniens* is the appropriate means of enforcing a forum-selection clause, "which allows a district court to decline to exercise its jurisdiction when a foreign forum is better suited to adjudicate the dispute." *Declan Flight, Inc.*, 177 F.4th at 1121 (internal quotations omitted). But "the calculus changes" from the usual analysis where there is a valid forum-selection clause. *Id.* (internal quotations omitted). Under the modified analysis outlined by the Supreme Court, "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted," the "valid forum-selection clause should be given controlling weight in all but the most exceptional cases," and the district court should only consider "public-interest considerations." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W.D. of Texas*, 571 U.S. 49, 63–64 (2013); *see also Declan Flight*, 177 F.4th at 1121.

This case presents the exceptional situation where the public-interest considerations preclude transfer. At worst, a transfer in this instance would leave

CASE NO. 5:25cv334-MCR-MJF

the Nevada court with nothing to adjudicate because the dispute involves real property in Florida and junior lienholders in Florida, over which that court would not have jurisdiction. At best, the Nevada court could determine the money judgment but additional litigation in Florida would still be required to establish the priority between lienholders and to foreclose on the real property. This type of piecemeal and duplicative litigation would result in colossal additional delay and an inefficient waste of judicial resources, contrary to the public interest. And, as already discussed, Florida law expressly voids this type of out-of-state venue provision in these circumstances, *see* Fla. Stat. 47.025.

Accordingly, Defendant Falcon Ridge Townhomes, LLC's Motion to Dismiss, ECF Nos. 26, 27, is **DENIED**.

**DONE AND ORDERED** this 22nd day of July 2026.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

CASE NO. 5:25cv334-MCR-MJF